UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case No. 17-cr-202-pp

   v.

DAEMION TAYLOR,

        Defendant.

## ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. 3582(C)(2) (DKT. NO. 106)

The defendant pled guilty to one count of knowingly and intentionally possessing with intent to distribute cocaine and knowingly possessing nine firearms in furtherance of a drug trafficking offense. Dkt. No. 24. On March 1, 2021, the court sentenced the defendant to serve 48 months (four years) on the drug charge and sixty months (five years) on the gun charge; the law required the court to impose the gun charge to run consecutively with the sentence the court imposed on the drug charge. Dkt. Nos. 101, 102.

Under the United States Sentencing Guidelines in effect when the court sentenced the defendant (the 2016 edition of the Guidelines Manual), a defendant would receive two (2) additional criminal history points if he committed the offenses of conviction while "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1(d) (2016 edition of the Guidelines Manual). In other words, if the defendant was on some kind of supervision at

1

the time he committed his federal crimes, he would receive two (2) "status points" on top of any other criminal history points he'd accrued.

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect. Parts of that amendment are retroactive. Part A addresses "status points"—those extra criminal history points assessed against someone who committed the instant offense while under a criminal justice sentence (probation, parole, supervised release, imprisonment, work release or escape status). United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, at 240 (2023). The new guideline—which is retroactive—now states that a defendant who has less than seven (7) criminal history points receives no "status" points. U.S.S.G. §4A1.1(e) (2023 edition of the Guidelines Manual).

This amended guideline does not help the defendant because it allows a sentence reduction only if the court had assessed status points against the defendant at the time of his original sentencing; in this case the presentence report did not recommend that the court assess the defendant status points, see Dkt. No. 32 at ¶¶38-39, and the court did not assess status points against him, see Dkt. No. 101 at 2. Because the court did not assess two (2) "status points"—or *any* "status points"—against the defendant, he is not entitled to a two-point (2) reduction in his criminal history category.

Another change brought about by Amendment 821 was the creation of a new guideline—§4C1.1—that allows a court to decrease by two (2) levels the defendant's Chapter Two offense level if he has no criminal history points and meets certain other requirements. Those requirements include not using violence or credible threats of violence during the offense of conviction and not possessing a firearm in connection with the offense. The defendant does not

2

qualify for a reduction under this new guideline, either. The defendant had three (3) criminal history points at the time he was sentenced. Dkt. No. 32 at ¶¶38-39. More to the point, the defendant was convicted of possessing a firearm in furtherance of the drug offense. Because the defendant did not have zero (0) criminal history points and because he possessed a gun during the offense of conviction, he is not entitled to a two-level (2) reduction in his offense level under new guideline §4C1.1.

The defendant advises the court that he has completed numerous programs while in custody and has obtained his GED. Dkt. No. 106 at 2. He is enrolled in the non-residential drug abuse program and is on the waiting list for anger management and criminal thinking. Id. All these things are good, and the court is glad to hear that the defendant has been spending his prison time wisely and preparing to reenter society as a productive person. But the defendant is not eligible for a sentence reduction under Amendment 821, and under 18 U.S.C. §3852(c), a court is prohibited from modifying a term of imprisonment once it is imposed except for compassionate release or the retroactive application of a guideline amendment. The defendant has not demonstrated that he qualifies for compassionate release and he is not eligible for a reduced sentence under Amendment 821.

The court **DENIES** the defendant's *pro se* motion for sentence reduction. Dkt. No. 106.

Dated in Milwaukee, Wisconsin this 15th day of April, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3